| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |
| --- | --- |

| | | |
| --- | --- | --- |
| TIMOTHY MARLOW, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. _____ |
| SOUTHEAST CORPORATION AND WESLEY R. HOWARD, | § § § | |
| *Defendant(s)*. | § § | |

**PLAINTIFF TIMOTHY MARLOW'S ORIGINAL COMPLAINT**

Plaintiff Timothy Marlow (referred to as "Marlow") brings this action: (1) under 29 U.S.C. § 216(b) individually to recover unpaid overtime wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") and (2) under the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA") to recover damages, liquidated damages, attorney's fees and costs against Defendants Southeast Corporation and Wesley R. Howard (referred to as "Howard") (collectively referred to as "Defendants").

## I. Nature of Suit

1.  Marlow's claims arise under the FLSA and the FMLA.

2.      The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3.      To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4.      Defendants violated the FLSA by employing Marlow "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5.      Defendants further violated the FLSA by retaliating against Marlow "because [he] filed an complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]… ."  29 U.S.C. § 215(a)(3).

6.      Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

7.      The FMLA "balance[s] the demands of the workplace with the needs of families, … promote[s] the stability and economic security of families, and … promote[s] national interests in preserving family integrity[]" by "entitl[ing] employees to take reasonable leave…for the care of a [] spouse… who has a seriously health condition[.]" 29 U.S.C. § 2601(b)(1)-(2).

8.      The FMLA makes it unlawful for an employer "to discharge or in any other manner discriminate against an individual for opposing any practice made unlawful by" the Act. 29 U.S.C. § 2615(a)(2).

9.      Defendants violated the FMLA by (1) interfering with and/or denying Marlow FMLA benefits to which he was entitled and (2) retaliating against Marlow because he engaged in activity protected by the FMLA.

## II.  Jurisdiction & Venue

10.     This action arises under multiple federal statutes, the FLSA and the FMLA. 28 U.S.C. § 1331 (federal-question jurisdiction).

11.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1),(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Marlow's claim occurred in the Houston Division of the Southern District of Texas.

## III.  Parties

12.     Marlow is an individual who resides in Hardin County, Texas and who was employed by Defendants during the last three years.

13.     Defendant Southeast Corporation is a Texas corporation that may be served with process by serving its registered agent:

Wesley R. Howard
3525 Preston
Pasadena, Texas 77505

Alternatively, if the registered agent of Southeast Corporation cannot with reasonable diligence be found at the company's registered office, Defendants may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

14.     Defendant Wesley R. Howard is an individual that may be served with process at:

> 3525 Preston
> Pasadena, Texas 77505

or wherever he may be found. Howard may also be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

15.     An allegation that Defendants committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

### A.  Background Facts

16.     Southeast Corporation operates Dairy Queen franchises, a limited-service restaurant that serves specialty snack items and nonalcoholic beverages, throughout the Houston and Beaumont area.

17.     Southeast Corporation does business in the territorial jurisdiction of this Court.

18.     Southeast Corporation employed Marlow from August 2016 to the present.

19.     Defendants employed Marlow as a maintenance technician.

20.     Howard was also Marlow's employer – and is individually liable to him for the FLSA and FMLA violations described below – because he: (1)  had the authority to hire and fire Southeast Corporation employees, including Marlow; (2) supervised or controlled Southeast Corporation employees schedules or conditions of employment, including Marlow's schedule and/or conditions of employment; (3) determined the rate or method of payment for Southeast Corporation employees, including Marlow; and/or (4) maintained Southeast Corporation's employee records, including Marlow's records.

21.     As a maintenance technician, Marlow was responsible for maintaining and repairing equipment at each of Defendants' Dairy Queen franchises.

### B.  FLSA Facts

22.     During Marlow's employment with Defendants, he was engaged in commerce or in the productions of goods for commerce.

23.     During Marlow's employment with Defendants, the company had employees engage in commerce or in the production of goods for commerce.

24.     During Marlow's employment with Defendants, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25.     During Marlow's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

26.     Defendants paid Marlow on a salary basis.

27.     During Marlow's employment with Defendants, he regularly worked in excess of forty hours per week.

28.     Defendants knew or should have known that Marlow worked in excess of forty hours per week.

29.     Defendants did not pay Marlow for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

30.     Instead, Defendants paid Marlow a fixed sum—a salary—regardless of the number of hours he worked.

31.     Marlow was not exempt from the maximum hour requirements of the FLSA.

32.     As a maintenance technician, Marlow's primary duties were nonexempt.

33.     As a maintenance technician, Marlow's primary duties did not include office or nonmanual work.

34.     As a maintenance technician, Marlow's primary duties were not directly related to the management or general business operations of Defendants' or its customers.

35.     As a maintenance technician, Marlow's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

36.     As a maintenance technician, Marlow did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

37.     As a maintenance technician, Marlow was, instead, required to follow Defendants' policies, practices and procedures.

38.     As a maintenance technician, Marlow did not have any independent authority to deviate from Defendants' policies, practices and procedures.

39.     Defendants knew or should have known that Marlow was not exempt from the maximum hour requirements of the FLSA.

40.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

41.     During Marlow's employment with Defendants, the company did not maintain accurate time and pay records for Marlow as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

42.     During Marlow's employment with Defendants, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

43.     Defendants continued the pay practice(s) complained of by Marlow without investigation after being put on notice that the pay practice(s) violated the FLSA.

- 7 -

44.     Defendants have a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

45.     Prior to this lawsuit, Defendants conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Marlow.

46.     As a result of the Defendants' FLSA violations, Marlow complained to the Department of Labor on January 21, 2020.

47.     Following his complaints to the Department of Labor, Marlow was subjected to retaliation for his complaints.

48.     Because Defendants willfully violated the FLSA, the company is liable to Marlow for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

49.     As a result of the FLSA violation(s) described above, Defendants are liable to Marlow for unpaid overtime wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

**C.  FMLA Facts**

50.     During Marlow's employment with Defendants, there was always at least fifty employees within seventy-five miles of Marlow's worksite.

51.     During the last twelve months of his employment with Defendants, Marlow worked at least 1,250 hours.

52.     During his employment with Defendants, Marlow's wife experienced a serious health condition that required Plaintiff to take intermittent leave as permitted under the FMLA.

53.     In early January of 2020, Plaintiff made his first request for FMLA intermittent leave to Defendants.

54.     Plaintiff made repeated requests for the FMLA documents, but Defendants refused to provide Plaintiff with the FMLA documentation so that he could submit his request for approved leave.

55.     On January 31, 2020, as a result of Defendants' refusal to provide Plaintiff with the FMLA documents, Plaintiff complained to the Department of Labor.

56.     Defendants finally provided Plaintiff with the FMLA documentation but denied his request for FMLA leave.

57.     Following his request for FMLA leave and his complaints to the Department of Labor, Defendants issued Plaintiff multiple written disciplinary warnings.

58.     Prior to his request for FMLA and complaints to the Department of Labor, he had never been issued any type of written disciplinary warning.

59.     Defendants continued to retaliate against Plaintiff for his request for FMLA leave, taking FMLA leave and for his complaints to the Department of Labor.

60.     Given the lack of any prior alleged performance issues and the temporal proximity between his FMLA request, his FMLA leave and his complaints to the Department of Labor, Defendants disciplinary write-ups were clearly motived by its unlawful desire to retaliate against him for engaging in protected activity.

61.     Defendants knew or showed a reckless disregard for whether its conduct violated the FMLA.

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

62.    Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63.    During Marlow's employment with Defendants, he was a nonexempt employee.

64.    As a nonexempt employee, Defendants were legally obligated to pay Marlow "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

65.    Defendants did not pay Marlow "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

66.    Instead, Defendants paid Marlow a fixed sum—a salary—regardless of the number of hours he worked.

67.    If Defendants classified Marlow as exempt from the maximum hour requirements of the FLSA, he was misclassified.

68.    As a result of the FLSA violation(s) described above, Defendants are liable to Marlow for back wages equal to the difference between what it should have paid and what it actually paid.

## VI.  Count Two—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

69.    Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

70.     Defendants willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

71.     Defendants failed to maintain accurate time and pay records.

72.     Because Defendants willfully violated the FLSA, the company is liable to Marlow for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII.  Count Three—
### Interference With and/or Denial of FMLA Benefits

73.     Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

74.     During Marlow's employment with Defendants, the company was covered by the FMLA.

75.     Marlow was eligible to take leave under the FMLA.

76.     By denying his intermittent leave under the FMLA, Defendants interfered with and/or denied Marlow the FMLA benefits to which he was entitled.

77.     Because Defendants knew or showed a reckless disregard for whether its conduct violated the FMLA, it willfully violated the FMLA.

78.     As a result of the FMLA violation(s) described above, Defendants are liable to Marlow for actual monetary losses sustained by Marlow (up to a sum equal to twelve weeks of wages or salary for Marlow), interest, liquidated damages, front pay, expert witness fees, and attorney's fees.

## VIII.  Count Four—
## Retaliation in Violation of the FMLA

79.    Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P.

10(c).

80.    During Marlow's employment with Defendants, the company was covered by

the FMLA.

81.    The FMLA makes it unlawful for an employer "to discharge or in any other

manner discriminate against an individual for opposing any practice made unlawful by" the

Act. 29 U.S.C. § 2615(a)(2).

82.    Marlow was eligible to take leave under the FMLA.

83.    Marlow requested leave to care for his wife, an FMLA protected activity.

84.    Additionally, Marlow complained to the Department of Labor after Defendants

denied his FMLA request for leave, an FMLA protected activity.

85.    Following his request for FMLA leave and his complaints to the Department

of Labor, Defendants issued Plaintiff multiple written disciplinary warnings.

86.    Defendants continued to retaliate against Plaintiff for his request for FMLA

leave, taking FMLA leave and for his complaints to the Department of Labor.

87.    Marlow's engaging in FMLA protected activity was a motivating factor in

Defendants' issuance of disciplinary warnings. Given the lack of any prior alleged performance

issues and the temporal proximity between his FMLA request, his FMLA leave and his

complaints to the Department of Labor, Defendants disciplinary write-ups were clearly motived by its unlawful desire to retaliate against him for engaging in protected activity.

88.     Because Defendants knew or showed a reckless disregard for whether its conduct violated the FMLA, it willfully violated the FMLA.

89.     As a result of the FMLA violation(s) described above, Defendants are liable to Marlow for back pay, employee benefits or other compensation lost, interest, liquidated damages, front pay, expert witness fees, and attorney's fees.

### IX.  Count Five—
### Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)

90.     Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

91.     Marlow is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

92.     Marlow is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

93.     Marlow has retained the professional services of the undersigned attorneys.

94.     Marlow has complied with the conditions precedent to recovering attorney's fees and costs.

95.     Marlow has incurred or may incur attorney's fees and costs in bringing this lawsuit.

96.     The attorney's fees and costs incurred or that may be incurred by Marlow were or are reasonable and necessary.

97.     Defendants are liable to Marlow for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## X.  Count Six—
## Attorney's Fees Under the FMLA.

98.     Marlow adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

99.     Marlow is authorized to recover attorney's fees on her claims by statute. 29 U.S.C. § 2617(a)(3).

100.    Marlow has retained the professional services of the undersigned attorneys.

101.    Marlow has complied with the conditions precedent to recovering attorney's fees.

102.    Marlow has incurred or may incur attorney's fees in bringing this lawsuit.

103.    The attorney's fees incurred or that may be incurred by Marlow were or are reasonable and necessary.

104.    Defendants are liable to Marlow for attorney's fees by reason of the FMLA violations described above. 29 U.S.C. § 2617(a)(3).

## XI.  Relief Sought

105.    Marlow demands the following relief:

    a.   for violations of the FLSA -

    i.   judgment against Defendants in Marlow's favor for unpaid overtime wages, liquidated damages and attorney's fees, plus interest and costs; and

    ii.  all other relief and sums that may be adjudged against Defendants in Marlow's favor both individually and on behalf of all similarly situated employees of Defendants.

b.  for violations of the FMLA –

    i.   judgment against Defendants in Marlow's favor for back pay, employee benefits or other compensation lost, liquidated damages, expert witness fees, and attorney's fees, plus interests and costs; and

    ii.  all other relief and sums that may be adjudged against Defendants in Marlow's favor for violations of the FMLA.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By:  _Melissa Moore_____

Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
melissa@mooreandassociates.net
Curt Hesse
State Bar. No. 24065414
Federal Id. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**


Of Counsel:

Renu Tandale
State Bar No. 24107417
Federal Id. No. 3487389
renu@mooreandassociates.net